IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
OCT 13 2015
CLERK'S OFFICE
DETROIT

HSBC Bank Middle East Limited, a Jersey
Limited Liability Company

                Plaintiff,

v.

Waleed M. Yaghmour,

                Defendant.

Case No. 2:15-cv-13266-BAF-APP

Hon. Bernard A. Friedman

### DEFENDANT'S MOTION TO DISMISS

Comes now, Defendant Waleed M. Yaghmour, pro se, and does file this motion pursuant to Rule 12(b)(1) for dismissal of Plaintiff's complaint insofar as Plaintiff has failed to state a claim upon which relief may be granted by the Court.

Plaintiff has filed this action, seeking to re-open Defendant's January 25, 2015 administrative forfeiture proceedings in this Civil Case No. 2:13-cv-13596 so that the Court may amend the Defendant's January 25, 2015 forfeiture judgment. However, because (1) the Court lacks jurisdiction to amend the forfeiture judgment and (2) Plaintiff's complaint is untimely and therefore Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, Defendant seeks dismissal of the complaint with prejudice.

### ARGUMENT FOR DISMISSAL

A. The District Court Lacks Jurisdiction to Hear Plaintiff's Complaint, as Such Plaintiff's Complaint Must be Dismissed for Lack of Subject Matter Jurisdiction.

It is well settled law that a Court lacks jurisdiction to review a previously imposed administrative judgment upon the expiration of the 30-day statute of limitation. See United States v. Campbell, 3 Fed. Appx.' 381 (6th Cir. 2001).

As stated in the complaint, the administrative judgment in this matter was entered on January 25, 2015. Thus, pursuant to 21 U.S.C. § 853, Plaintiff had 30 days from that date in which to file a timely interested third party claim which would have been due no later than February 24, 2015. However, the present complaint was filed on September 16, 2015, almost 7 months after the statutory deadline date. A review of the Court's record finds no other complaint filed by Plaintiff other than the present complaint. Therefore, Defendant argues that the Court lacks subject matter jurisdiction to entertain this complaint.

Motions brought pursuant to Rule 12(b)(1) challenge whether the district court has jurisdiction over the action. See Fed. R. Civ. P. 12(b)(1). A court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Bucksport Water Sys., Inc. v. Weaver Eng'g, Inc., No. 4:13-cv-02503-RBH, 2013 U.S. Dist. LEXIS 156067, 2013 WL 5914410, at *2 (D.S.C. Oct. 31, 2013)(quoting Norman v. Owens, No. 5:12-cv-01158-RBH, 2013 U.S. Dist. LEXIS 112002, 2013 WL 4042038, at *3 (D.S.C. Aug. 7, 2013)); see also Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008)). Generally, challenges to jurisdiction under Rule 12(b)(1) may be raised in one of two ways: as a facial attack or as a factual attack. See United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).

A facial attack questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. Id. Thus, "[i]n a facial challenge, the Plaintiff is afforded the same procedural protections as he would be accorded when faced with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." Id. Therefore, "all alleged facts are taken as true and the motion will be

denied if the complaint alleges facts that, if proven, would be sufficient to sustain jurisdiction." Id.

A factual attack, on the other hand, challenges the truthfulness of the jurisdictional allegations in the complaint. Id. "In a factual challenge, a trial court 'may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.'" Id. (quoting Kems v. United States, 585 F.3d 187, 193-94 (4th Cir. 2009)). In a factual challenge, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings with coverting the proceeding to one for summary judgment." Richmond, F. & P.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)(citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). The district court should apply the standard applicable to a motion for summary judgment, under which the non-moving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Id.; see also Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1559 (9th Cir. 1987). However, where the jurisdictional facts are intertwined with the facts central to the merits of the dispute, the entire factual dispute is appropriately resolved only by a proceeding on the merits. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Plaintiff asserts that 18 U.S.C. § 983 provides jurisdiction for the Court to entertain this action. Defendant, however, argues that there is no jurisdictional basis because Plaintiff seeks a review of the merits of an administrative forfeiture claim. "Most judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations." United States v. Campbell, 3 Fed. App'x 381, 383 (6th Cir. 2001). If a petitioner fails to timely file a claim and waives "its opportunity for judicial forfeiture proceedings during the administrative process,"

3

"may not . . . attempt to correct its choice of remedy in federal court." <u>Malladi Drugs & Pharms., Ltd. v. Tandy</u>, 552 F.3d 885, 889, 384 U.S. App. D.C. 232 (D.C. Cir. 2009).

The Fourth Circuit has recognized that § 983(e) allows a petitioner to challenge a forfeiture "if he did not know or have reason to know of the seizure within sufficient time to file a timely claim." <u>United States v. Martins</u>, 475 Fed. App'x 873 (4th Cir. 2012). More specifically, the Fourth Circuit has explained that federal courts have general federal question jurisdiction to entertain an equitable cause of action challenging an administrative forfeiture which was based on inadequate notice. <u>United States v. Minor</u>, 228 F.3d 352, 357 (4th Cir. 2000); <u>see also</u> <u>United States v. Pierce</u>, No. 4:03-474-24-CWH, 2007 U.S. Dist. LEXIS 29837, 2007 WL 1202556, at *1 (D.S.C. Apr. 23, 2007)("Because the defendant did not contest the administrative forfeiture by timely filing a claim for the currency, the Court only has jurisdiction to determine whether the defendant received adequate notice of the seizure."); <u>City of Concord v. Robinson</u>, 914 F.Supp. 2d 696, 705 (M.D.N.C. 2012)("[W]ith the exception of notice issues, federal courts have no jurisdiction to hear claims that a completed administrative forfeiture violated the property owner's constitutional rights.").

B. Plaintiff's Complaint is Untimely

Plaintiff asks the Court to re-open Defendant's January 25, 2015 administrative forfeiture proceedings so that it may extract a new order from the Court reimbursing them the sum of $973,177.87 paid to the government on the Defendant's behalf without his knowledge or consent. The problem for the Plaintiff is that the complaint is simply out of time. As the Court knows, Plaintiff should have filed the current complaint, no later than February 24, 2015. For reasons not stated in the complaint, Plaintiff did now file the complaint in a timely fashion, thus any action filed at this late date is barred by the statute of limitation.

4

Third Party Interests:

21 U.S.C. § 853(n)(2) provides in part; any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the Court for a hearing to adjudicate the validity of his alleged interest in the property. Here, according to the complaint on January 25, 2015, the district court signed a preliminary order of forfeiture pursuant to 21 U.S.C. § 853. Counsel for the Plaintiff was present and notified of the Court's entry, see Plaintiff's Exhibit 8, at 7, and therefore Plaintiff had 30 days from January 20, 2015 in which to file a motion as an interested third party under 21 U.S.C. § 851(n)(2). However, Plaintiff's complaint was not filed until September 16, 2015 and served on the Defendant on October 1, 2015. Thus, the complaint is barred by the statute of limitations and the Court lacks jurisdiction to hear the present matter. See United States v. Grossman, 501 F.3d 846 (7th Cir. 2007); United States v. Marion, 561 F.3d 1330 (11th Cir. 2009); United States v. Alvarez, 710 F.3d 565 (5th Cir. 2013); United States v. Carmichael, (2006, MD Ala) 440 F.Supp. 2d 1280 (2006). Accordingly, Defendant moves the court for an order to dismiss Plaintiff's complaint in its entirety with prejudice.

C. No Response is Due at This Time

The Defendant gives notice that his response to Plaintiff's complaint comes in the form of a motion under Fed. R. Civ. P. 12(a)(4) provides that when a motion is filed under Rule 12, if the motion is denied or disposition is postponed until, the answer must be served with 14 days after the notice of the Court's action. Since the Defendant has timely filed a motion to dismiss under Rule 12, no answer to Plaintiff's complaint is required at this time.

5

## CONCLUSION

For the reasons set forth above, Defendant respectfully request that the Court dismiss Plaintiff's complaint in its entirety with prejudice for lack of jurisdiction.

Respectfully submitted,

Waleed M. Yaghmour, 48259-039
Federal Correctional Institution
P.O. Box 1000
Morgantown, West Virginia 26507-1000

## CERTIFICATE OF SERVICE

I do hereby certify that the above true and correct Motion to Dismiss Plaintiff's complaint was provided to the Clerk or the Court. I further certify that one true copy of said motion was served upon counselor for Plaintiff at the address listed below. All original and copies of said Motion to Dismiss were deposited, postage prepaid, into the prison legal mail service on this, the 8 day of October, 2015.

Richard E. Zuckerman
660 Woodward Avenue
Suite 2290
Detroit, MI 48226-3506

Waleed M. Yaghmour, 48259-039
Federal Correctional Institution
P.O. Box 1000
Morgantown, West Virginia 26507-1000

Waleed Yaghmour
Reg No. 48259-039
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507

"LEGAL MAIL"

⇦48259-039⇨
United States Courthouse
Theodore Levin
231 W Lafayette BLVD
5th Floor
Detroit, MI 48226
United States

4822627756

"LEGAL MAIL"

PITTSBURGH PA 150

09 OCT 2015 PM 5 L

