UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HSBC BANK MIDDLE EAST LIMITED,

    Plaintiff,                                         Civil Action No. 15-CV-13266

vs.                                                  HON. BERNARD A. FRIEDMAN

WALEED M. YAGHMOUR,

    Defendant.

_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, and DENYING DEFENDANT'S MOTION TO STRIKE**

This matter is presently before the Court on defendant's motion to dismiss (docket entry 5), plaintiff's motion for summary judgment (docket entry 8), and defendant's motion to strike (docket entry 12). Response and reply briefs have been filed. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

Plaintiff HSBC Bank Middle East Limited ("HBME") seeks a declaration that it is entitled to $973,177.87 on deposit in defendant's HBME account in Ramallah (Yaghmour's Account No. 011-005444-087). The basis for plaintiff's claim is straightforward. In January 2013, defendant and various other individuals were indicted in this district on charges of conspiring to distribute, and with possessing with intent to distribute, controlled substances; conspiring to commit health care fraud; and engaging in monetary transactions in criminally derived property. *See United States v.*

*Jackson, et al.,* No. 11-CR-20551 (E.D. Mich. Jan. 10, 2013).[1]  The indictment also sought the forfeiture of any of defendant's property traceable to the latter charge.

In March 2013, the Court issued a seizure warrant authorizing the government to seize "[a]ll funds deposited or credited, up to and including $1,670,080.00, to any and all United States interbank accounts maintained at HSBC USA, N.A., New York, NY by HSBC Bank Middle East Limited, Ramallah, Palestine, which sum reflects the amount of certain funds deposited into HSBC Bank Middle East Limited, Ramallah, Palestine, Account #011-005444-087." Compl. Ex. 4.  Although defendant's account was located at the HSBC Bank in Ramallah, 18 U.S.C. 981(k) authorizes the seizure of any funds held in that bank's "interbank accounts."[2]

---

[1] In July 2014, defendant entered into a Rule 11 Plea Agreement in which he pled guilty to the drug conspiracy charge and one count of money laundering. *See United States v. Jackson, et al.,* No. 11-CR-20551 (docket entry 798).  Defendant, who was a pharmacist during the conspiracy, admitted to unlawfully dispensing 1,500 Oxycontin, 100,000 Vicodin, and 100,000 Xanax tablets. *Id.* ¶ 1.C.  He also agreed to the forfeiture of $973,177.87 "seized from an interbank account maintained at HSBC USA N.A., New York, by HSBC Bank Middle East Limited, Ramallah, Palestine, which sum reflects certain funds deposited into HSBC Bank Middle East Limited, Ramallah, Palestine, account No. 011 005444 087 ('Subject Currency')." *Id.* ¶ 3.F.1.a.  In February 2015, the Court sentenced defendant to a 72-month prison term and three years of supervised release. *Id.* (docket entry 966).

[2] 18 U.S.C. § 981(k)(1)(A) states:

> For the purpose of a forfeiture under this section or under the Controlled Substances Act (21 U.S.C. 801 et seq.), if funds are deposited into an account at a foreign financial institution (as defined in section 984(c)(2)(A) of this title), and that foreign financial institution (as defined in section 984(c)(2)(A) of this title) has an interbank account in the United States with a covered financial institution (as defined in section 5318(j)(1) of title 31), the funds shall be deemed to have been deposited into the interbank account in the United States, and any restraining order, seizure warrant, or arrest warrant in rem regarding the funds may be served on the covered financial institution, and funds in the interbank account, up to the value of the funds deposited into the account at the foreign financial

HSBC Bank USA, N.A. promptly complied with the seizure warrant and mailed a check to the Department of the Treasury in the amount of $1,670,080. Compl. Ex. 5. The government later returned $696,912.13 of the seized funds to HSBC because at the time of the seizure Account No. 011-00544-087 had a balance of $973,177.87. *See United States v. One Million Six Hundred Seventy Thousand and Eighty Dollars*, No. 13-CV-13596 (E.D. Mich. Jan. 17, 2014) (docket entry 16). In a stipulated consent judgment dated January 25, 2015, defendant consented to the forfeiture of this $973,177.87 and agreed that any interest he may have had in these funds was extinguished. *Id.* (docket entry 20). Plaintiff now seeks a declaration that

> as between Defendant Yaghmour and HBME, any right, title, or interest of Yaghmour or his successors and assigns in the $973,177.87 in the Yaghmour Account is extinguished and that because HBME has satisfied the forfeiture of those funds to the United States on behalf of Yaghmour, the funds in the Yaghmour Account belong to HBME.

Compl. at 7.

Defendant seeks dismissal of the complaint for lack of jurisdiction and for failure to state a claim. This frivolous motion is denied. Plaintiff does not, as defendant suggests, seek to amend the forfeiture judgment or assert an untimely claim in the forfeiture action. Rather, plaintiff seeks reimbursement from defendant's Ramallah account for the funds plaintiff previously paid on defendant's behalf in response to the seizure warrant. Defendant does not challenge the allegation in ¶ 5 of the complaint that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. Defendant's assertion that such jurisdiction is lacking because "there exists no valid contract as between the parties," Pl.'s Reply at 4, is nonsensical. Plaintiff is a citizen of the United Arab

---

institution (as defined in section 984(c)(2)(A) of this title), may be restrained, seized, or arrested.

Emirates, defendant is a citizen of the State of Michigan (currently incarcerated at FCI-Morgantown in West Virginia), and more than $75,000 is in controversy.

Plaintiff seeks summary judgment on the grounds that the facts are undisputed and it is entitled to judgment as a matter of law. The Court agrees. Defendant's response to plaintiff's motion does not dispute the relevant facts and relies entirely on the incorrect premise that plaintiff is seeking to amend the judgment in the forfeiture action. The undisputed facts are that defendant agreed, both in his Rule 11 plea agreement and in the consent judgment in the related civil forfeiture action, to forfeit $973,177.87, which he has acknowledged was seized from plaintiff's interbank account on a warrant issued based on defendant's criminal charges. Under these circumstances, defendant has no interest in those funds and no legitimate basis to resist plaintiff's effort to seek reimbursement. Plaintiff is clearly entitled to summary judgment and shall grant plaintiff's motion.

Finally, defendant has filed a motion to strike the reply brief plaintiff filed in support of its motion for summary judgment. This motion is denied, as the reply complies with the local rules and is not objectionable for any of the reasons recognized under Fed. R. Civ. P. 12(f). Accordingly,

IT IS ORDERED that defendant's motion to dismiss is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted.

IT IS FURTHER ORDERED that defendant's motion to strike is denied.

IT IS FURTHER ORDERED that plaintiff submit a proposed declaratory judgment for the Court's review.

Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 18, 2016
Detroit, Michigan