**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 16-1505

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 15, 2017
DEBORAH S. HUNT, Clerk

HSBC BANK MIDDLE EAST LIMITED,
RAMALLAH, PALESTINE,

   Plaintiff-Appellee,

v.

WALEED M. YAGHMOUR,

   Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

O R D E R

Before: SUHRHEINRICH, MOORE, and CLAY, Circuit Judges.

Waleed M. Yaghmour, a pro se federal prisoner, appeals the judgment of the district court granting summary judgment in favor of the plaintiff, HSBC Bank Middle East Limited, ("HBME") in connection with HBME's claim for $973,177.87 on deposit in Yaghmour's HBME account in Ramallah, Palestine. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In January 2013, Yaghmour and several other individuals were indicted in the United States District Court for the Eastern District of Michigan on charges of conspiracy to distribute controlled substances, possession with intent to distribute controlled substances, conspiracy to commit health care fraud, and engaging in monetary transactions in criminally-derived property. The United States issued a seizure warrant to freeze and seize Yaghmour's forfeitable assets, which were deposited in his HBME account in Ramallah, Palestine. HBME is a wholly-owned subsidiary of HSBC Middle East Holdings BV, which is wholly owned by HSBC Holdings, Plc.

("HSBC"). Because his Palestinian account was outside the reach of the government, HSBC complied with the warrant by issuing a check to the Department of the Treasury in the amount of $1,670,080, paid out of the HSBC Interbank Account in New York, which represented the balance of Yaghmour's account as of March 26, 2013. *See* 18 U.S.C. § 981(k) (providing that forfeitable funds on deposit at a foreign financial institution that has an eligible interbank account in the United States "shall be deemed to have been deposited into the interbank account in the United States, and any . . . funds in the interbank account . . . may be restrained, seized, or arrested"). In January 2014, the United States returned $696,902.13 of the seized funds to HSBC because, at the time the seizure warrant was served, the account had a balance of only $973,177.87.

In July 2014, pursuant to a plea agreement, Yaghmour pleaded guilty to the drug conspiracy charge and one count of money laundering. He also agreed to forfeit $973,177.87 from his account at HBME. A stipulated forfeiture judgment was entered January 25, 2015.

In September 2015, HBME filed a complaint, asserting that, as the result of the above-described transactions with HSBC and the United States, $973,177.87 remained frozen on deposit in Yaghmour's account in Ramallah, Palestine. Because the account remained frozen, HBME had been unable to use the funds to reimburse itself for satisfying the forfeiture out of the HSBC Interbank Account. HBME asserted that it could not enforce Yaghmour's stipulated judgment of forfeiture in Palestine because the judgment was between Yaghmour and the United States, and Palestinian law provides that a foreign judgment is not enforceable by one party against another without both having been parties to the judgment. HBME requested that the district court issue a declaratory judgment, to which both HBME and Yaghmour were parties, that declared that HBME had satisfied the forfeiture of the funds to which Yaghmour agreed, all of Yaghmour's rights in the funds had been extinguished, and the frozen funds in Yaghmour's account now belonged to HBME.

Yaghmour filed a motion to dismiss the complaint, arguing that HBME was attempting to amend the forfeiture judgment, which the district court lacked jurisdiction to do, and that HBME's complaint was untimely, in that it was not filed within thirty days of the January 25,

2015, forfeiture judgment.  HBME filed a response and a motion for summary judgment. Yaghmour filed a joint response to HBME's summary judgment motion and reply to HBME's response to his motion to dismiss.  HBME filed a reply.

The district court reviewed the pleadings and determined that HBME was not attempting to amend the forfeiture judgment or assert an untimely claim and that Yaghmour's claims that the district court lacked jurisdiction lacked merit.  The court further determined that the facts were undisputed and that HBME was entitled to judgment as a matter of law.  The district court therefore denied Yaghmour's motion to dismiss, granted HBME's motion for summary judgment, extinguished all of Yaghmour's rights to the funds totaling $973,177.87 in his account, and ordered that HBME was entitled to possession and ownership of those funds. Yaghmour filed a post-judgment motion for recusal, claiming that the district court's ruling was based on the court's deference to HBME.  He also filed a motion for a stay pending appeal.  The district court denied both motions.

On appeal, Yaghmour argues that the district court lacked subject matter jurisdiction to grant HBME's summary judgment motion because it was untimely and barred by res judicata, that the district court abused its discretion in granting HBME's motion for summary judgment after Yaghmour requested a stay of the proceedings and recusal of the district court judge, and the district court abused its discretion by denying his motion for recusal.

We review de novo a district court's grant of summary judgment.  *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 171 (6th Cir. 2011).  Summary judgment is proper where there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

The criminal forfeiture statute provides that all rights, title, and interest in property subject to forfeiture "vests in the United States upon the commission of the act giving rise to forfeiture under this section."  21 U.S.C. § 853(c).  Thus, "[a]fter the commission of the criminal acts, title to the forfeitable property, by operation of the relation-back clause, actually belongs to the government."  *United States v. Harris*, 246 F.3d 566, 575 (6th Cir. 2001) (quoting *United States v. Lavin*, 942 F.2d 177, 186 (3d Cir. 1991)).

Yaghmour first argues that the district court lacked subject matter jurisdiction to grant HBME's summary judgment motion because it was untimely and barred by res judicata. His timeliness argument is premised on 21 U.S.C. § 853(n)(2) which, he contends, mandates that an interested third-party must assert a legal interest in property which has been ordered forfeited to the United States within thirty days. His res judicata argument is based on his belief that HBME is seeking to amend the forfeiture action.

The undisputed facts before this court are that Yaghmour stipulated to the forfeiture of $973,177.87 in his HBME account and $973,177.87 was paid to the United States through HSBC's Interbank Account. The judgment entered pursuant to that stipulation extinguished any title Yaghmour had in those funds. Yaghmour no longer has a legal interest or right to those funds, and no non-frivolous basis upon which to contest the declaratory judgment that HBME seeks. Yaghmour's attempts to argue that the district court lacks jurisdiction to entertain HBME's complaint are unavailing.

In particular, the time limits of 21 U.S.C. § 853(n)(2) are not applicable to this case because HBME is not asserting a third-party claim to the seized funds. Likewise, because HBME is seeking to complete the forfeiture and not relitigate it or amend the judgment, res judicata is inapplicable. Further, subject matter jurisdiction is proper on the basis of diversity. HBME is a citizen of the United Arab Emirates, Yaghmour is a citizen of Michigan, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Under these circumstances, diversity of citizenship was a proper basis for subject matter jurisdiction.

Yaghmour next argues that the district court abused its discretion in granting HBME's motion for summary judgment after Yaghmour requested a stay of the proceedings. The record establishes that the district court entered final judgment one day before Yaghmour's motion for a stay was received in the district court. To the extent that Yaghmour asserts that the district court should not have entered final judgment in light of his request for a stay, the record makes clear that judgment was entered prior to the receipt of the motion. No abuse of discretion is apparent.

Finally, Yaghmour asserts that the district court abused its discretion by denying his post-judgment motion for recusal. To the extent that Yaghmour's appeal from the denial of his

motion is properly before the court, despite his failure to file a notice of appeal from the decision, *see* Fed. R. App. P. 4(a)(1), he is not entitled to relief. A motion for recusal may not be based on disagreement with a court's ruling. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

We therefore **AFFIRM** judgment of the district court.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 15, 2017

Mr. Andrew Wright Clark
Honigman, Miller, Schwartz & Cohn
660 Woodward Avenue
Suite 2290
Detroit, MI 48226

Waleed M. Yaghmour
F.C.I. Morgantown
P.O. Box 1000
Morgantown, WV 26507

          Re: Case No. 16-1505, *HSBC Bank Middle East Limited v. Waleed Yaghmour*
               Originating Case No. : 2:15-cv-13266

Dear Sirs,

  The Court issued the enclosed Order today in this case.

                                    Sincerely yours,

                                    s/Jill Colyer
                                    Case Manager
                                    Direct Dial No. 513-564-7024

cc: Mr. David J. Weaver
     Mr. Richard E. Zuckerman

Enclosure

Mandate to issue